**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0072-24

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

DARIEL PENA,

      Defendant-Appellant.

_____

Submitted November 13, 2025 – Decided February 2, 2026

Before Judges Mawla and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Accusation No. 16-06-0472.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Joseph Anthony Manzo, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dariel Pena appeals from a June 26, 2024 Law Division order denying his petition for post-conviction relief (PCR) from a conviction for first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), without an evidentiary hearing.  We affirm.

I.

In October 2015, officers from the Clifton Police Department responded to a shooting and discovered the victim lying face down on the sidewalk in front of a liquor store.  The victim was transported to the hospital and later succumbed to his injuries.

A witness told the Clifton detective that an individual, later identified as defendant, pulled a gun on the victim.  According to the witness, defendant told the victim:  "Run your pockets!  Give me everything you got."  The victim replied:  "Are you serious."  A struggle ensued.  Both defendant and the victim fell to the ground, and defendant fired "three shots."  Defendant then fled the scene.

After an investigation, defendant was arrested and charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1).  Although defendant was two months shy of his eighteenth birthday, the matter was waived to the Criminal Division, where he was prosecuted as an adult.  Pursuant to a negotiated plea agreement,

2

the State agreed to recommend a sixteen-year prison term, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, conditioned on defendant's cooperation with the State in the prosecution of any of the co-defendants.

Prior to entering his guilty plea, the prosecutor placed the terms of the negotiated plea agreement on the record. Under oath, defendant testified he understood the terms of the agreement, including the recommended prison term and the minimum period of parole ineligibility; he would be subject to five years of parole supervision, along with fines and fees; and he was waiving his right to a jury trial. Defendant further stated he had reviewed the plea agreement with his attorney, understood its terms, was satisfied with his attorney's services, and entered his guilty plea freely and voluntarily. These acknowledgements were memorialized on the plea form.

Before defendant allocuted to the plea, he admitted he reviewed "some" of the video evidence with his counsel at the juvenile shelter, "specifically a co-defendant's statement on a computer." Defendant then admitted he confronted and "twice" shot the victim. The trial court accepted defendant's plea to an amended charge of aggravated manslaughter, satisfied he entered his plea knowingly and voluntarily. In October 2016, defendant was sentenced in accordance with the terms of the negotiated plea agreement.

A-0072-24

Defendant did not file a direct appeal. Rather, he appealed his sentence on our sentencing oral argument calendar pursuant to Rule 2:9-11. State v. Pena, No. A-2020-16 (App. Div. May 3, 2017). We affirmed defendant's sentence and concluded

> the [trial court's] findings of fact regarding aggravating and mitigating factors were based on competent and credible evidence in the record, . . . the court correctly applied the sentencing guidelines enunciated in the Code, and . . . the court did not abuse its discretion in imposing the sentence. State v. Cassady, 198 N.J. 165 (2009); State v. Roth, 95 N.J. 334 (1984).
>
> [Ibid.]

Thereafter, on March 24, 2023, defendant filed a self-represented PCR petition, asserting plea counsel failed to: properly advise him regarding the criminal case proceedings; provide access to discovery; and investigate, prepare, and present mitigating factors. Defendant further asserted plea counsel improperly handled plea negotiations and the State's plea offer.

After his appointment, PCR counsel filed a supplemental PCR petition. In the supplemental submission, PCR counsel argued plea counsel had informed defendant that, by pleading guilty, the court would impose only a ten-year term of imprisonment. PCR counsel also argued for resentencing and retroactive application of mitigating factor fourteen, N.J.S.A. 2C:44-l(b)(14), the

consideration of whether defendant was under twenty-six years of age at the commission of the offense. The supplemental petition also incorporated the claims raised by defendant in his self-represented petition. Ultimately, defendant sought to withdraw his guilty plea.

Following oral argument on June 26, 2024, the PCR court denied defendant's petition without an evidentiary hearing. As to the procedural posture, the court relaxed the rule requiring filing of the PCR petition within five years of the date of conviction and determined the petition was timely filed.

In addressing the merits of the PCR petition, the PCR court found defendant did not satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The court found defendant's "self-serving" certification was contradicted by his "lengthy plea allocution, " the signed plea form, and the terms of the negotiated plea placed on the record. It noted trial "[c]ounsel could not [have] argue[d] a mitigating factor that legally did not exist" at the time of sentencing. The court further noted defendant's age was "referenced repeatedly" at sentencing, which was considered by the sentencing judge. The PCR court highlighted the sentencing judge's review of

A-0072-24

defendant's prior juvenile record and found "a look back at [defendant's] full history and his age w[as] certainly acknowledged at the time of sentenc[ing]."

II.

On appeal, defendant raises two arguments for our consideration:

> POINT I - THE LOWER COURT ERRED IN FINDING THAT TRIAL COUNSEL PROVIDED EFFECTIVE REPRESENTATION DURING THE PRE-PLEA PORTION OF THE CASE.
>
> POINT II - BECAUSE THE [DEFENDANT] MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE COURT MISAPPLIED ITS DISCRETION IN DENYING POST-CONVICTION RELIEF WITHOUT CONDUCTING A FULL EVIDENTIARY HEARING.

"[W]here the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020) (alterations in original) (quoting State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014)). Accordingly, the legal conclusions of the PCR court are reviewed de novo. State v. Harris, 181 N.J. 391, 415-16 (2004). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

A-0072-24

When a defendant's basis for relief is premised on a claim of ineffective assistance of counsel, they are required to satisfy the two-prong test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58-60.

Within the context of a guilty plea, a defendant must demonstrate: (1) counsel's performance was not "within the range of competence demanded of attorneys in criminal cases," and (2) "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (first quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973); then quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Defendant bears the burden of establishing entitlement to "PCR by a preponderance of the evidence." O'Donnell, 435 N.J. Super. at 370 (citing State v. Preciose, 129 N.J. 451, 459 (1992)). The mere raising of a claim for PCR does not entitle a defendant to an evidentiary hearing because they "must do more than make bald assertions that [they were] denied the effective assistance of counsel." State v. Porter, 216 N.J. 343, 355 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)); see also R. 3:22-10(e)(2) (stating that a court shall

A-0072-24

not hold an evidentiary hearing if "the defendant's allegations are too vague, conclusory or speculative"). A court reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing only if a defendant establishes a prima facie showing in support of the requested relief. Preciose, 129 N.J. at 462.

Applying these principles, the record establishes that defendant failed to establish a prima facie claim that trial counsel was ineffective. He does not present any specific facts to support his assertion that plea counsel misadvised him about the terms of the plea, particularly regarding the alleged reduction of the sixteen-year term of imprisonment to ten years at sentencing to induce him to plead guilty.

We are satisfied the court properly rejected defendant's argument he did not knowingly, intelligently, and voluntarily entered a guilty plea after reviewing the plea transcript and the signed plea form. The PCR court correctly concluded defendant's plea was entered knowingly, voluntarily, and intelligently. The record demonstrates the PCR court considered the facts in the light most favorable to the defendant and determined he had not established a prima facie claim that he was "repeatedly" advised the sixteen-year sentence

8

would be reduced to ten years at the sentencing hearing. Precoise, 129 N.J. at 462-63.

Indeed, the plea transcript shows the trial court informed defendant of his right to a jury trial; defendant stated he understood that right and he was pleading guilty because he was guilty. Moreover, the transcript also reflects detailed questions were posed to defendant to determine whether he was satisfied with trial counsel's services, advice, and recommendations. There was no statement made by defendant expressing dissatisfaction with counsel, the failure to receive all discovery (DNA result, crime area video surveillance footage, crime scene photographs, and an eyewitness video statement), or duress.

Defendant has failed to "present specific, credible facts" in the record to support his arguments that his guilty plea was questionable. See State v. Slater, 198 N.J. 145, 158 (2009).

He has demonstrated neither deficient performance by trial counsel nor actual prejudice and, thus, fails to satisfy the two-prong Strickland/Fritz standard for relief. Accordingly, we are satisfied the PCR court did not abuse its discretion in concluding defendant was not entitled to an evidentiary hearing. Porter, 216 N.J. at 354. To the extent we have not expressly addressed any

arguments made in support of defendant's appeal, we have determined they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0072-24